1

2

3

4

5

6

7

8                     UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   MIGUEL ANGEL NEGRON,                    No.  2:21-cv-0322 KJN P

12            Plaintiff,

13        v.                                 ORDER

14   V WHITE, et al.,

15            Defendants.

16

17          Plaintiff is a state prisoner, proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C.

18   § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This

19   proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

20          Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).

21   Accordingly, the request to proceed in forma pauperis is granted.

22          Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C.

23   §§ 1914(a), 1915(b)(1).  By this order, plaintiff is assessed an initial partial filing fee in

24   accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct

25   the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

26   forward it to the Clerk of the Court.  Thereafter, plaintiff is obligated to make monthly payments

27   of twenty percent of the preceding month's income credited to plaintiff's trust account.  These

28   payments will be forwarded by the appropriate agency to the Clerk of the Court each time the

1   amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C.

2   § 1915(b)(2).

3   <u>Screening Standards</u>

4         The court is required to screen complaints brought by prisoners seeking relief against a

5   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

6   court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

7   "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

8   monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

9         A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

10  <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227-28 (9th

11  Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an

12  indisputably meritless legal theory or where the factual contentions are clearly baseless.  <u>Neitzke</u>,

13  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

14  pleaded, has an arguable legal and factual basis.  <u>See</u> <u>Jackson v. Arizona</u>, 885 F.2d 639, 640 (9th

15  Cir. 1989), <u>superseded by statute as stated</u> in <u>Lopez v. Smith</u>, 203 F.3d 1122, 1130-31 (9th Cir.

16  2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably

17  meritless legal theories or whose factual contentions are clearly baseless."); <u>Franklin</u>, 745 F.2d at

18  1227.

19        Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain

20  statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

21  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  <u>Bell Atlantic</u>

22  <u>Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957)).

23  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a

24  formulaic recitation of the elements of a cause of action;" it must contain factual allegations

25  sufficient "to raise a right to relief above the speculative level."  <u>Bell Atlantic</u>, 550 U.S. at 555.

26  However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the

27  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  <u>Erickson v.</u>

28  <u>Pardus</u>, 551 U.S. 89, 93 (2007) (quoting <u>Bell Atlantic</u>, 550 U.S. at 555, citations and internal

2

1    quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as

2    true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the

3    pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236

4    (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

5    Plaintiff's Complaint

6        Plaintiff alleges that while housed at Solano State Prison, on October 27, 2019, defendant

7    Dr. M. Lotersztain found that plaintiff had no serious acute fracture or dislocation of his left

8    ankle.  Later that same day, plaintiff complained a second time, but was only given pain

9    medication.  Once transferred to Deuel Vocational Institution ("DVI") (on an unidentified date),

10   defendant V. White found that plaintiff's tendons were normally situated.  However, on July 14,

11   2020, plaintiff had surgery to fix the bone to his tendons, diagnosed as posterior tibial tendon

12   dysfunction.  Based on the denial of proper care that would have prevented the more serious

13   injury to plaintiff's ankle, plaintiff seeks money damages for the pain and suffering.

14   Discussion

15       The government is obligated to "provide medical care for those whom it is punishing by

16   incarceration," and failure to meet this obligation can result in an Eighth Amendment violation

17   cognizable under 42 U.S.C. § 1983.  Estelle v. Gamble, 429 U.S. 97, 103 (1976).  Prison officials

18   may violate the Eighth Amendment's proscription against cruel and unusual punishment when

19   their actions demonstrate "deliberate indifference to serious medical needs."  Id. at 104.  A

20   plaintiff must establish:  (1) a serious medical need; and (2) deliberate indifference to that need by

21   prison officials.  See McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992), overruled in

22   part on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).

23       A "serious medical need" exists if the failure to treat the injury or condition "could result

24   in further significant injury or the 'unnecessary and wanton infliction of pain.'"  Jett v. Penner,

25   439 F.3d 1091, 1096 (9th Cir. 2006) (quoting McGuckin, 974 F.2d at 1059).

26       An official acts with deliberate indifference if he "knows of and disregards an excessive

27   risk to inmate health or safety; to satisfy the knowledge component, the official must both be

28   aware of facts from which the inference could be drawn that a substantial risk of serious harm

3

1  exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994).

2  Also, "[p]rison officials are deliberately indifferent to a prisoner's serious medical needs when

3  they deny, delay, or intentionally interfere with medical treatment," Hallett v. Morgan, 296 F.3d

4  732, 744 (9th Cir. 2002) (internal citations and quotation marks omitted), or when they fail to

5  respond to a prisoner's pain or possible medical need. Jett, 439 F.3d at 1096.

6         Deliberate indifference is a higher standard than negligence or lack of ordinary due care

7  for the prisoner's safety. Farmer, 511 U.S. at 835. Medical malpractice or negligence does not

8  support a cause of action under the Eighth Amendment. Broughton v. Cutter Labs., 622 F.2d

9  458, 460 (9th Cir. 1980) (per curiam). Moreover, a delay in medical treatment does not violate

10  the Eighth Amendment unless that delay causes further harm. McGuckin, 974 F.2d at 1060.

11         Furthermore, "Eighth Amendment doctrine makes clear that "[a] difference of opinion

12  between a physician and the prisoner -- or between medical professionals -- concerning what

13  medical care is appropriate does not amount to deliberate indifference." Hamby v. Hammond,

14  821 F.3d 1085, 1092 (9th Cir. 2016) (internal quotations and citations omitted) (evaluating merits

15  of Eighth Amendment claim in context of qualified immunity). Difference in opinion amounts to

16  deliberate indifference only when the course of treatment chosen is "medically unacceptable

17  under the circumstances" and was chosen "in conscious disregard of an excessive risk to

18  plaintiff's health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996). Only conduct

19  characterized by "obduracy and wantonness" amounts to deliberate indifference under the Eighth

20  Amendment. Whitley v. Albers, 475 U.S. 312, 319 (1986). The action must rise to a level of

21  "unnecessary and wanton infliction of pain." Estelle, 429 U.S. at 105.

22         Here, plaintiff's allegations fail to demonstrate that either defendant was deliberately

23  indifferent to plaintiff's serious medical needs. Rather, it appears that defendant Lotersztain

24  initially misdiagnosed plaintiff's ankle injury, perhaps as a sprained ankle, and then, later, at

25  some unidentified time, defendant White failed to properly diagnose plaintiff as having posterior

26  tibial tendon dysfunction. While plaintiff's ankle injury was unfortunate, plaintiff must set forth

27  facts that demonstrate each defendant was deliberately indifferent to plaintiff's ankle injury.

28  Specifically, plaintiff must allege facts demonstrating that each defendant knew of yet

4

1    disregarded an excessive risk to plaintiff's ankle injury; to satisfy the knowledge component, the

2    defendant must both be aware of facts from which the inference could be drawn that a substantial

3    risk of serious harm existed, and the defendant must also draw the inference.  As set forth above,

4    the misdiagnosis of his injury, without more, fails to state a cognizable Eighth Amendment claim.

5         Plaintiff provided various medical records as exhibits to his complaint.  Plaintiff is

6    advised that exhibits are not required at the pleading stage.[1]  Moreover, the court is not required

7    to review plaintiff's exhibits to ascertain potential causes of action or factual allegations.  Rather,

8    plaintiff must set forth the specific facts he contends demonstrate that a particular defendant was

9    deliberately indifferent to his serious medical needs.

10   Leave to Amend

11        Because plaintiff's complaint fails to state a cognizable Eighth Amendment claim, the

12   complaint must be dismissed.  The court will, however, grant leave to file an amended complaint.

13        If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions

14   about which he complains resulted in a deprivation of plaintiff's constitutional rights.  See, e.g.,

15   West v. Atkins, 487 U.S. 42, 48 (1988).  Also, the complaint must allege in specific terms how

16   each named defendant is involved.  Rizzo v. Goode, 423 U.S. 362, 371 (1976).  There can be no

17   liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a

18   defendant's actions and the claimed deprivation.  Rizzo, 423 U.S. at 371; May v. Enomoto, 633

19   F.2d 164, 167 (9th Cir. 1980).  Furthermore, vague and conclusory allegations of official

20   participation in civil rights violations are not sufficient.  Ivey v. Bd. of Regents, 673 F.2d 266,

21   268 (9th Cir. 1982).

22        Plaintiff may not change the nature of this suit by alleging new, unrelated claims.[2]  See

23   _____

24   [1]  Thus, plaintiff is not required to re-append his exhibits to any amended complaint.  However, if
     he wishes the exhibits to be attached to his amended complaint, he may request that the court do
25   so.

26   [2]  A plaintiff may properly assert multiple claims against a single defendant. Fed. Rule Civ. P. 18.
     In addition, a plaintiff may join multiple defendants in one action where "any right to relief is
27   asserted against them jointly, severally, or in the alternative with respect to or arising out of the
     same transaction, occurrence, or series of transactions and occurrences" and "any question of law
28   or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2).  Unrelated

1    Fed. R. Civ. P. 20(a)(2).  Plaintiff is cautioned that his continued violation of court orders may

2    result in the involuntary dismissal of this action.  Fed. R. Civ. P. 41(b).

3          In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to

4    make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

5    complaint be complete in itself without reference to any prior pleading.  This requirement exists

6    because, as a general rule, an amended complaint supersedes the original complaint.  See Ramirez

7    v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint

8    supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation

9    omitted)).  Once plaintiff files an amended complaint, the original pleading no longer serves any

10   function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim

11   and the involvement of each defendant must be sufficiently alleged.

12         In accordance with the above, IT IS HEREBY ORDERED that:

13         1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

14         2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff

15   is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

16   § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

17   Director of the California Department of Corrections and Rehabilitation filed concurrently

18   herewith.

19         3.  Plaintiff's complaint is dismissed.

20         4.  Within thirty days from the date of this order, plaintiff shall complete the attached

21   Notice of Amendment and submit the following documents to the court:

22             a.  The completed Notice of Amendment; and

23             b.  An original of the Amended Complaint.

24   Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the

25   claims against different defendants must be pursued in separate lawsuits.  See George v. Smith,
26   507 F.3d 605, 607 (7th Cir. 2007).  This rule is intended "not only to prevent the sort of morass [a
     multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the
27   required filing fees -- for the Prison Litigation Reform Act limits to 3 the number of frivolous
     suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C.
28   § 1915(g)."  George, 507 F.3d at 607.

6

1  Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must

2  also bear the docket number assigned to this case and must be labeled "Amended Complaint."

3       Failure to file an amended complaint in accordance with this order may result in the

4  dismissal of this action.

5  Dated:  March 1, 2021

6

7  KENDALL J. NEWMAN
   UNITED STATES MAGISTRATE JUDGE

8  /negr0322.14n

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7

1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   MIGUEL ANGEL NEGRON,                        No.  2:21-cv-0322 KJN P

                    Plaintiff,
12

13         v.                                    NOTICE OF AMENDMENT

     V. WHITE, et al.,
14

                    Defendants.
15

16
           Plaintiff hereby submits the following document in compliance with the court's order
17
     filed_____.
18
            _____              Amended Complaint
19   DATED:

20

21                                       _____
                                         Plaintiff
22

23

24

25

26

27

28